Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Mosites Construction Company, Respondent

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, for petitioner.

*R. Dell Ziegler,* with him *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for respondent.

OPINION BY JUDGE MENCER, June 7, 1979:

The Pennsylvania Department of Transportation (PennDOT) has appealed from a decision of the Board of Arbitration of Claims rejecting PennDOT's assertion that Mosites Construction Company (Mosites)

should be assessed $6,600 in liquidated damages for failing to complete a construction contract within the period specified. We affirm.

In October 1973, Mosites and PennDOT entered into an agreement for the widening and resurfacing of certain roads in Blair County. Mosites was given 289 calendar days to complete the project. For every additional day, Mosites was to be assessed $150. The dispute in this case concerns when the 289-day period began to run.

The parties agree that, on November 26, 1973, a written "Notice to Proceed" was issued to Mosites by PennDOT's engineer. PennDOT asserts that the 289-day period began to run at that time. If so, Mosites finished 44 days late and PennDOT is entitled to $6,600 ($150 multiplied by 44) in damages. However, we agree with the Board of Arbitration of Claims that the 289-day period did not begin to run at that time and that PennDOT has failed to establish any delay in completing the contract.

A "Notice to Proceed" is defined in Section 101.36 of PennDOT's book of Specifications, made part of the contract by reference, as "[a] written notice to the contractor specifying the calendar date on which he shall begin the prosecution of the work." If the parties had intended the contract time to begin to run on the date the "Notice to Proceed" was *issued,* it would have been a simple matter to so provide. There is no such provision either in the contract itself or in the Specifications. To the contrary, Section 108.02(b) of the Specifications provides that "[t]he contract time will be calculated from the date for starting the work as specified in the Notice to Proceed."

The "Notice to Proceed" in this case, which was admittedly issued on November 26, 1973, was never introduced into evidence by PennDOT, nor is there any evidence concerning the date for beginning work which

should have been specified therein and from which time the 289 days would be calculated. The only arguably relevant evidence on the point is that at a conference on November 16, 1973, it was understood between Mosites and PennDOT that work would not begin until early March 1974.

Since PennDOT failed to establish when the contract time began to run, there is no basis upon which to assess damages against Mosites and we must affirm the order of the Board of Arbitration of Claims.

ORDER

AND Now, this 7th day of June, 1979, the order of the Board of Arbitration of Claims, dated March 22, 1978, is hereby affirmed.